**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01828-BNB

LEWIS RICHARDSON,

      Applicant,

v.

PAM PLOUGHE, Warden, Four Mile Correctional Center, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

      Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

Applicant, Lewis Richardson, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Four Mile Correctional Center in Cañón City, Colorado.  Mr. Richardson has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 1). He challenges the validity of his conviction and sentence in Case No. 03CR47 in the Park County District Court.

In a July 16, 2012 Order, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  After obtaining an extension of time, Respondents submitted a Pre-Answer Response on August 31, 2012.  Mr. Richardson filed a Reply on October 1, 2012.

The Court must construe and has construed liberally the Application filed by Mr. Richardson  because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the Application, in part, as procedurally defaulted.

## I.  Background and State Court Proceedings

On June 4, 2004, a Park County District Court jury found Mr. Richardson guilty of forgery, possession of forgery devices, wrongful possession of a journal or seal, violation of a restraining order, harassment by stalking, and offering a false instrument for recording.  (ECF No. 11-1, at 7-9 of 30).  Applicant pled guilty to four habitual criminal counts, and was sentenced to an aggregate thirty-year prison term.  (*Id.* at 10). His convictions and sentence were affirmed on direct appeal in *People v. Richardson*, 181 P.3d 340 (Colo. App. 2007).  (ECF No. 1, at 22 of 46).   The Colorado Supreme Court denied certiorari review on April 28, 2008.  (ECF No. 11-4).

Mr. Richardson filed a motion for sentence reconsideration on September 22, 2008.  (ECF No. 11-1, at 15 of 30).  The trial court denied the motion on March 10, 2009.  (*Id.* at 14).  Applicant did not file an appeal.

On March 19, 2009, Mr. Richardson filed the first of two motions for post-conviction relief pursuant to Rule 35 of the Colorado Rules of Civil Procedure.  (*Id.*). The trial court denied the motions without a hearing.  (*Id.* at 13-14).  The Colorado Court of Appeals affirmed the trial court's order in *People v. Richardson*, No. 09-CA2759

(Colo. App. Feb. 2, 2012) (not published). (ECF No. 1, at 35 of 46). Applicant did not seek certiorari review, and the mandate issued on March 29, 2012. (ECF No. 11-7).

Mr. Richardson initiated this action on July 12, 2012. He asserts three claims in the Application: (1) Colorado's stalking statute is (a) vague; (b) overbroad; (c) abrogates the common law abuse of process; and, (d) violates the statutory construction canon of in pari materia; furthermore, the court's rulings amount to (e) selective and retaliatory prosecution; and, (f) judicial ex post facto; (2)(a) his right to due process was violated because the element of vexatiousness was never determined by the jury; (b) appellate counsel was ineffective in failing to appeal the issue of whether Applicant's due process rights were violated because the element of vexatiousness was never determined by the jury; and, (c) his protection against judicial ex post facto was violated because "he is the only person in the history of the state of Colorado to have his civil court filings in one county deemed a criminal stalking act by another county"; and (3) the trial court lacked subject matter jurisdiction over the stalking charge because the charging document failed to adequately notify him of the conduct that was alleged to have violated state law.

Respondents concede that the Application is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). (ECF No. 11, at 3). Respondents argue, however, that most of Mr. Richardson's claims are procedurally defaulted.

## II. Exhaustion of State Remedies and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's

rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534. A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Harris v. Reed*, 489 U.S. 255, 269-70 (1989)); *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.") (internal quotations and citation omitted).  A claim is precluded from federal habeas review if the claim has been defaulted in state court on an independent and adequate state procedural ground, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).

4

Mr. Richardson's pro se status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F .3d 1128, 1130 (10th Cir. 1994).

### A.   Claim One

In claim one, Mr. Richarson asserts that Colorado's stalking statute is: (a) vague; (b) overbroad; (c) abrogates the common law abuse of process; and (d) violates the statutory construction canon of in pari materia; furthermore, the trial court's rulings amount to (e) selective and retaliatory prosecution; and (f) judicial ex post facto.  (ECF No. 1, at 11).  The Court addresses each of these claims separately and sequentially.

#### 1.   Claims 1(a) and (b)

Applicant presented his vagueness and overbreadth claims to the Colorado Court of Appeals as federal constitutional claims on direct appeal.  (*See* ECF No. 11-2, at 23-35 of 49).  Respondents argue, however, that Applicant failed to exhaust state remedies for his vagueness claim because he did not raise it in his petition for certiorari review with the Colorado Supreme Court.  (ECF No. 11, at 9).

The Court does not agree that Mr. Richardson's failure to present the vagueness claim in his petition for certiorari review renders that claim unexhausted for purposes of federal habeas review.  In order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available.  *See O'Sullivan*, 526 U.S. at 845.  However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48.  Therefore, if a state articulates that a certain avenue for relief is not part of its

standard appellate review process, it is not necessary for a defendant to pursue that

avenue in order to exhaust state remedies.  *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court

is not part of the standard state appellate review process.  More specifically, the

Colorado Appellate Rules provide that

> In all appeals from criminal convictions or postconviction
> relief matters from or after July 1, 1974, a litigant shall not be
> required to petition for rehearing and certiorari following an
> adverse decision of the Court of Appeals in order to be
> deemed to have exhausted all available state remedies
> respecting a claim of error.  Rather, when a claim has been
> presented to the Court of Appeals or Supreme Court, and
> relief has been denied, the litigant shall be deemed to have
> exhausted all available state remedies.

Colo. App. R. 51.1.  Therefore, the Court finds that review in the Colorado Supreme

Court is not required to exhaust state remedies if the claim in question was presented

fairly to, and relief was denied by, the Colorado Court of Appeals.

Furthermore, the Court's conclusion is supported by the fact that four circuit

courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need

to seek review in the state's highest court in order to satisfy the exhaustion requirement.

*See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330

F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir.

2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

Because Mr. Richardson presented the substance of his vagueness and

overbreadth claims to the Colorado Court of Appeals as federal constitutional claims,

the Court finds that Claims 1(a) and (b) are exhausted.

### 2.     Claim 1(c)

6

Mr. Richardson asserts in claim 1(c) that Colorado's stalking statute abrogates the common law abuse of process. As an initial matter, the Court observes that this claim appears to present solely an issue of state law. However, a federal habeas court is limited to deciding whether a conviction "violat[ed] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 861 (2011) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law,'" quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) (other internal quotations and citation omitted). Accordingly, claim one must be dismissed because it fails to present a federal issue.

Alternatively, Applicant failed to exhaust the claim in the state courts as a federal constitutional claim. In his state post-conviction proceeding, Applicant raised an abuse of process challenge to Colorado's stalking statute as an issue of state statutory construction only. (*See* ECF No. 11-5, at 10 of 18). Respondents argue that Mr. Richardson has committed an anticipatory procedural default of his claim because if he attempted to raise a federal constitutional claim in the state trial court at this time, it would be dismissed. *See Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139 n.7.

The Colorado Rules of Criminal Procedure prohibit successive Crim. P. Rule 35 motions with limited exceptions that are not applicable to Mr. Richardson's claim. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII); *see also People v. Thomas*, 195 P.3d 1162 (Colo. App. 2008); *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Tolbert*, 216 P.3d 1, 3 (Colo. App. 2007); *accord Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) ("We have emphasized that where a post-conviction application is

7

filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied.") (internal quotation marks omitted).  The Court finds that Mr. Richardson has procedurally defaulted claim 1(c).

Moreover, Mr. Richardson fails to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice.  Accordingly, claim one will be dismissed because it asserts purely an issue of state law, or is procedurally defaulted.

### 3.    Claim 1(d)

For claim 1(d), Mr. Richardson asserts that Colorado's stalking statute violates the statutory construction canon of in pari materia.  Again, this claim concerns an issue of state law that is not cognizable in a federal habeas proceeding.  *See Swarthout*, 131 S.Ct. at 861; *Estelle*, 502 U.S. at 68.

To the extent a federal constitutional issue is raised, the Colorado Court of Appeals rejected the claim in Applicant's state post-conviction proceeding on the basis that it was resolved, or could have been raised, on direct appeal.  (ECF No. 1, at 37 of 46).  The Court stated:

> Crim. P. 35(c)(3)(VI) requires courts to deny any postconviction claims that have been fully and finally resolved in an earlier appeal.  Crim. P. 35(c)(3)(VII) also mandates denial of any claim that "could have been presented in an appeal previously brought or postconviction proceeding

8

> previously brought, except for claims based on newly occurring events, newly discovered evidence, a new rule of constitutional law with retroactive application, or an issue of subject matter jurisdiction.  Nor may a defendant raise a claim under Rule 35(c) "which does not precisely duplicate an issue raised on appeal . . . [but] 'would be nothing more than a second appeal addressing the same issues on some recently contrived constitutional theory.'" *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996)(quoting *People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982)).

(ECF No. 1, at 37-38, of 46).  Mr. Richardson procedurally defaulted his claim in the state courts on an independent and adequate state procedural ground.  *See Burton v. Zavaras*, No. 09-1094, 340 F. App'x 453, 454-55 (10th Cir. Aug. 4, 2009) (unpublished) (applying Colo. R. Crim. P. 35(c)(3)(VII)). The claim therefore is procedurally barred unless he can meet the cause and prejudice standard or make a showing of actual innocence.  Applicant does not allege any specific facts in his Application or Reply to excuse his procedural default.  Accordingly, claim 1(d) will be dismissed.

### 4.     Claim 1(e)

In claim 1(e), Mr. Richardson asserts that the "the [state district] court's rulings amount to selective and retaliatory prosecution.  Applicant did not present this claim to the Colorado Court of Appeals on direct appeal or in his state post-conviction proceeding.  (*See generally* ECF Nos. 11-2; 11-5).

If Mr. Richardson attempted to present a federal constitutional claim to the state district court at this time, it would be rejected as successive.  *See* Colo. R. Crim. P. 35(c)(3)(VII); *Turman*, 784 P.2d at 780.  As such, the claim is procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139 n.7.  Applicant has not

made the necessary showing of cause and prejudice or actual innocence to excuse his procedural default.  Accordingly, claim 1(e) will be dismissed.

### B.     Claim Two

In his second claim, Mr. Richardson asserts that: (a) his right to due process was violated because the element of vexatiousness was never determined by the jury; (b) appellate counsel was ineffective in failing to appeal the issue of whether Applicant's due process rights were violated because the element of vexatiousness was never determined by the jury; and (c) his protection against judicial ex post facto was violated because "he is the only person in the history of the state of Colorado to have his civil court filings in one county deemed a criminal stalking act by another county." (ECF No. 1, at 12-14, of 46).

### 1.     Claim 2(a)

For claim 2(a), Applicant asserts that his right to due process was violated because the element of vexatiousness was never determined by the jury.

Mr. Richardson raised this claim in his post-conviction proceeding in the context of an ineffective assistance of appellate counsel claim.  (*See* ECF No. 11-5, at 17 of 18).  He did not present a separate claim to the Colorado Court of Appeals asserting a violation of his due process rights.   (*Id.*).   To exhaust the factual basis for an ineffective assistance of counsel claim as an independent constitutional violation, a habeas petitioner must raise the claim separately.  *See White v. Mitchell,* 431 F.3d 517,

525-526 (6th Cir. 2005) (claim that counsel was ineffective for failing to raise *Batson*[1]

challenge did not exhaust independent claim that prosecution improperly excluded

women from the jury under *Batson*); *Rose v. Palmateer,* 395 F.3d 1108, 1112 (9th Cir.

2005) (claim that counsel was ineffective for failing to seek suppression of confession

did not exhaust claim that confession was involuntary); *Medicine Blanket v. Brill*, No. 10-

1346, 425 F. App'x. 751, 754 (10th Cir. June 9, 2011) (unpublished) (concluding that

habeas petitioner's exhaustion of ineffective assistance of counsel claim based on

violation of his due process rights did not exhaust due process claim where petitioner

failed to present a separate due process claim to state appellate court and claims were

analytically distinct); *Cf. Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986)

(distinguishing between a Fourth Amendment suppression claim and a Sixth

Amendment ineffective assistance claim based on failure to litigate competently the

Fourth Amendment issue, and stating that "[w]hile defense counsel's failure to make a

timely suppression motion is the primary manifestation of incompetence and source of

prejudice advanced by respondent, the two claims are nonetheless distinct, both in

nature and in the requisite elements of proof").

     If Mr. Richardson attempted to present a federal claim to the state district court at

this time, it would be rejected as successive.  *See* Colo. R. Crim. P. 35(c)(3)(VII);

*Turman*, 784 P.2d at 780.  As such, the claim is procedurally defaulted.  *See Coleman*,

501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139 n.7.   Applicant has not made the

---

[1]*Batson v. Kentucky*, 476 U.S. 79 (1986).

necessary showing of cause and prejudice or actual innocence to excuse his procedural default.  Accordingly, claim 2(a) will be dismissed.

### 2. Claim 2(b)

In claim 2(b), Mr. Richardson asserts that appellate counsel was ineffective in failing to appeal the issue of whether his due process rights were violated because the element of vexatiousness was never determined by the jury. Applicant presented this claim to the Colorado Court of Appeals in his state post-conviction proceeding.  (*See* ECF No. 11-5, at 17 of 18).  The state appellate court denied the claim on the merits. (ECF No. 1, at 45-46 of 46).

Respondents argue that the claim is not exhausted because Applicant failed to seek certiorari review in the Colorado Supreme Court.  (ECF No. 11, at 15).  The Court has already determined that, pursuant to Colo. App. R. 51.1, review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. Accordingly, the Court finds that Applicant has exhausted state remedies for claim 2(b).

### 3. Claim 2(c)

Mr. Richardson asserts in claim 2(c) that his protection against judicial ex post facto was violated because "he is the only person in the history of the state of Colorado to have his civil court filings in one county deemed a criminal stalking act by another county."

Applicant raised this claim to the Colorado Court of Appeals in his state post-conviction proceeding.  (ECF No. 11-5, at 15-16 of 18).  The state appellate court determined that the claim "was a reformulation of the argument raised and resolved on direct appeal, that the stalking statute was unconstitutionally vague." (ECF No. 1, at 45 of 46).   In short, the Colorado Court of Appeals rejected the claim as successive pursuant to Colo. R. Crim. P. 35(c)(VI).  Because the state court applied an adequate an independent procedural bar to deny the claim, Mr. Richardson must make a showing of cause and prejudice or meet the fundamental miscarriage of justice exception to excuse his procedural default.  Applicant has not made either showing.  Accordingly, claim 2(c) will be dismissed.

### C.    Claim Three

For his third claim, Mr. Richardson maintains that the trial court lacked subject matter jurisdiction over the stalking charge because the charging document failed to adequately notify him of the conduct that was alleged to have violated state law.  (ECF No. 1, at 15-16).

To the extent Applicant challenges the adequacy of the information under Colorado law, his claim is not reviewable in this § 2254 proceeding.  *See Swarthout*, 131 S.Ct. at 861; *Estelle*, 502 U.S. at 68.

A charging instrument may violate the Sixth Amendment by failing to provide a defendant with adequate notice of the nature and cause of the accusations filed against

him. *See Johnson*, 169 F.3d at 1252 (citing *Hunter v. State*, 916 F.2d 595, 598 (10th Cir.1990)); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974).

Mr. Richardson raised this claim in his state post-conviction proceeding, but did not specifically invoke his Sixth Amendment right.  (ECF No. 11-5, at 11-13 of 18).  He argued that "fundamental fairness" requires that an indictment must clearly state the essential facts which constitute the offense.  (*Id*. at 11).  Although Applicant cited several Colorado cases in support of his argument, he also relied on *United States v. Rivera*, 837 F.2d 906, 918 (10th Cir. 1988).  (*Id*. at 12).  In *Rivera*, the Tenth Circuit reviewed the sufficiency of a federal indictment under the Sixth Amendment, which guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation. . . ." U.S. Const. amend. VI.  The Court further observed that the due process notion of fundamental fairness requires "basic notice of the events for which a defendant must answer in court."  *Id*. at 917.

Furthermore, in addressing Applicant's claim on the merits, the Colorado Court of Appeals stated:  "An indictment must provide a defendant with notice of the charges sufficient to allow preparation of an adequate defense and protection from further prosecution for the same offense. [*People v.*] *Russell*, 36 P.3d [92], 95 [(Colo. App. 2001)]." (ECF No. 1, at 43 of 46).  *Russell*, in turn, cited to *Cervantes v. People,* 715 P.2d 783, 785 (Colo. 1986) and *Cervantes* relied on *People v. Cooke*, 525 P.2d 426 (Colo. 1974).  In *Cooke*, the Colorado Supreme Court held that "the right of an accused to notice of the charges which have been made against him constitutes a fundamental

14

constitutional guarantee and lies at the foundation of due process of law," citing U.S. Const. Amend. VI. *Cooke*, 525 P.2d at 428.

The Court finds that Applicant's assertion of his right to "fundamental fairness" with regard to the sufficiency of the indictment was enough to present a constitutional claim to the Colorado Court of Appeals. The federal and state case law cited by Applicant and relied on by the state appellate court to resolve his claim is rooted in federal constitutional jurisprudence. As such, claim three will be deemed exhausted.

Accordingly, it is

ORDERED that claims 1(c), 1(d), 1(e), 2(a) and 2(c) of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) are dismissed as procedurally barred; in the alternative, claims 1(c) and 1(d) are dismissed because the claims present issues of state law only. It is

FURTHER ORDERED that within thirty (30) days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted claims 1(a), 1(b), 2(b), and 3. It is

FURTHER ORDERED that within thirty (30) days of the filing of the answer Applicant may file a reply, if he desires.

Dated October 2, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge